DAVID DINNING, Receiver, Appellee, v. W. R. KRAPFEL, Appellant.

No. 40288.

OCTOBER 14, 1930.

REHEARING DENIED JANUARY 21, 1931.

*C. H. Elgin,* for appellant.

*Valentine & Valentine,* for appellee.

STEVENS, J.—Briefly summarized, the facts essential to be considered in passing upon the propositions involved on this appeal are as follows: Prior to October 12, 1926, Hugh M. Shuler had been appointed, by the district court of Appanoose

County, receiver of the business and assets of the Fowler & Wilson Coal Company, a coal mining corporation. On the date mentioned, the receiver entered into a contract in writing with one Tony Dezprzie, as lessee, who agreed to operate one of the mines of the coal company, known as the Streepy mine, for a definite period. On the same day, another written contract was entered into by the same parties, by the terms of which it was agreed that W. R. Krapfel, who is the appellant herein, should act as the sales agent for the sale of all of the coal mined by Dezprzie, and to collect the sale price and disburse the same, as therein specified. The prior contract required Dezprzie to pay the receiver, as royalty, five cents per ton on all coal mined. The second contract of the same date provided that the royalties due the receiver should first be paid out of the proceeds derived from the sale of coal by the sales agent. On the same day, a written contract was executed by the receiver and Krapfel, by the terms of which the latter agreed to accept 12½ cents per ton on certain coal sold by him, as a commission for his services as sales agent.

At and prior to October 12th, and until the following December, the sale of the coal mined was financed by the Iowa Loan & Trust Company, who were the plaintiffs in the action in Appanoose County, in which the receiver was appointed. On December 21st of the same year, the Iowa Loan & Trust Company becoming insolvent, a second contract was entered into by and between the receiver and Krapfel, by the terms of which the latter agreed to finance the sale of the coal from December 15, 1926, to January 15, 1927, in consideration of the waiver by the receiver of royalties. Dezprzie continued to operate the mine during the period involved in this case.

No royalties were paid by Krapfel after December 15, 1926, and this action was commenced to recover the amount claimed to be due the receiver, as such. Appellant answered the petition of appellee, setting up an alleged oral agreement entered into contemporaneously with the contract, dated December 21, 1926, by the terms of which, it is alleged, the receiver orally agreed that, in the event that the Iowa Loan & Trust Company was unable, on January 15th, to again finance the sale of the coal, the written contract would be extended for 30 days. The answer also alleged that all of the contracts re-

890

ferred to, including the oral agreement for the extension, were subsequently approved, ratified, and confirmed by the district court having jurisdiction of the receivership.

Upon the trial of the case, appellant offered testimony of the alleged oral contract. The court, however, upon the objection of appellee, excluded the testimony, upon the ground that it tended to vary and contradict the terms of the written contract of December 21st. Thereupon, appellant offered in evidence the record of the court, approving, confirming, and ratifying the alleged oral contract. This offer was likewise rejected by the court. At the conclusion of all of the testimony, the court, on motion of appellee, directed the jury to return a verdict for a definite sum in favor of plaintiff. Judgment was accordingly entered therefor. Appellant conceded that he was indebted to the receiver for royalties earned after February 15th, and tendered the same into court; so that the present controversy involves only the right of appellant to recover royalties for 30 days from and after January 15, 1927.

Long prior to the commencement of this action, Shuler resigned as trustee, and appellee was appointed as his successor. The petition in this action was filed March 17, 1927. On April 2, 1929, an order signed by one of the judges of the district court of Appanoose County, approving, ratifying, and confirming the written contract of October 12, 1926, between the receiver and Krapfel, was filed in the receivership proceedings. On the same day, another order substantially to the same effect was signed and filed in open court. Subsequently, and on May 7th, a supplemental decree, specifically and in terms ratifying, approving, and confirming the alleged oral contract, extending the time of the written contract of December 21st for 30 days, was signed and filed in the receivership proceedings. These orders were entered after written notice of the application therefor had been served upon appellee.

The applications, as we understand the record, for these several respective orders were made for and on behalf of the Iowa Loan & Trust Company, the trustee for creditors, and H. M. Shuler, the former receiver, who, as stated, had long previously thereto resigned. We assume from the record that appellee did not appear or take part in the hearing of the respective applications for the orders of the court approving,

ratifying, and confirming the several contracts, including the alleged oral agreement.

It is stated by all parties that, prior to the date of the several contracts referred to, the receiver had been authorized by the court to operate or lease the Streepy mine. The contract therefor was not, however, approved by the court until later, as stated. For the purposes of this appeal, it may be assumed that the alleged oral contract entered into contemporaneously with the written contract of December 21, 1926, sought to vary and alter the terms of the writing.

It will be observed that the order approving, ratifying, and confirming the alleged oral agreement was entered more than two years after this action was begun. It was, however, entered by the court in the receivership proceeding, and upon due notice to appellee. The receiver, in the several matters referred to, was acting as the officer of the court. The alleged oral agreement was not void, but could not be proven by parol. The court in the receivership matter may, upon the hearing of the application of the plaintiff in that action for an order approving the said oral agreement, have been of the opinion that it was not in conflict therewith, and did not vary or alter the terms of the written instrument. In any event, the order was final, conclusive, and binding upon appellee until set aside upon proper application. It was not entered without jurisdiction, nor in excess of the court's authority.

The order of the court specifically found that the former receiver did agree orally to extend the written contract for 30 days, thereby agreeing to waive any claim for royalties for the period in question, and that the same should be approved, ratified, and confirmed. It is not claimed that appellant did not finance the sale of coal during the period from December 15 to January 15, 1927.

No appeal was taken from any of the orders of the court. The record thereof, we think, is clearly admissible, and it was error for the court to exclude them. The oral agreement became fully merged in the order, which was thereafter binding upon appellee until set aside, the same as any judgment or decree by the court. Authorities need not be cited to this point.

Other questions are discussed by counsel, which, in view of the conclusion reached, we deem it unnecessary to discuss.

It follows that the judgment below must be, and it is,—*Reversed.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.